## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**

**DAMOND LOCKETT**                    **NO. 20-00091-BAJ-RLB**

### RULING AND ORDER

Before the Court is the United States' **Notice of 404(b) Evidence (Doc. 57),** wherein the Government provides notice of its intention to introduce evidence of other crimes and other bad acts of Defendant Damond Reynard Lockett. Defendant has filed an opposition to the Government's intention to introduce this evidence at trial. (Doc. 62).

### I.    FACTS

The instant Indictment charges Defendant with the following: (1) possession with intent to distribute 100 grams or more of heroin and fentanyl; (2) possession of a firearm in furtherance of the drug trafficking crime; and (3) possession of a firearm by a convicted felon. (Doc. 1).

In 2014, Defendant was charged in this Court with possession with intent to distribute cocaine and the unlawful use of communication facilities. This offense arose from a 2011 event in which Defendant asked Caprice Morgan, his then girlfriend, to drive him to purchase cocaine. After purchasing the cocaine, law enforcement officers stopped Defendant and Morgan.

The evidence showed that Defendant asked Morgan to tell an officer that the

cocaine belonged to her. Defendant also asked Morgan to tell an officer that Defendant had no knowledge that the drugs were in the vehicle. Eventually, both Defendant and Morgan admitted that the cocaine belonged to Defendant. Defendant later pled guilty to possession with intent to distribute cocaine.

In January 2016, Defendant was sentenced to a term of imprisonment of 77 months followed by four years of supervised release. Defendant's supervision began on November 9, 2018.

In May 2020, while on supervision for his prior conviction, law enforcement officers searched Defendant's residence and discovered heroin and fentanyl in a bathroom that Defendant shared with his brother and nephew. Officers also recovered a Smith and Wesson .40 handgun, along with other elicit items.

Trial is approaching. At trial, the Government seeks to introduce evidence regarding Defendant's 2016 conviction. Defendant asks the Court to exclude evidence regarding his 2016 conviction.

## II.    DISCUSSION

Pursuant to Federal Rule of Evidence 404(b)(2), the Government provided notice to Defendant that it intends to introduce the following evidence to prove intent, knowledge, state of mind, plan, and absence of mistake at trial:

1.  Lockett's prior conviction of the following offenses:

    a.  Conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1);

    b.  Possession with intent to distribute cocaine and cocaine base, in

violation of 21 U.S.C. §§ 846 and 841(a)(1);

    c.  Possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and

    d.  Unlawful use of communication facilities in violation of 21 U.S.C. § 843(b).

2.  The facts and circumstances involved in Defendant's previous drug trafficking activities, specifically those involving his prior Co-Defendant, Caprice Morgan. (Doc. 57, p. 3).

Defendant objects to the introduction of this evidence, arguing that the prejudicial effect of telling the jury about "past, unrelated convictions" will all but encourage the jury to convict him for past misdeeds instead of the evidence in this case. (Doc. 62, p. 3).

Federal Rule of Evidence 404(a)(1) provides that, generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." However, such evidence may be admissible for other purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).[1]

---

[1] In full, Rule 404(b) provides:

    (b) Other Crimes, Wrongs, or Acts.
    (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
    (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

If evidence is extrinsic to the charges, Rule 404(b) and the United States Court of Appeals for the Fifth Circuit require that the court first determine "that the extrinsic evidence is relevant to an issue other than the defendant's character, i.e., motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc); *see also Girod*, 646 F.3d 304, 319 (5th Cir. 2011) (internal citation omitted). "Second 'the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.'" *Id.* (quoting *United States v. Anderson*, 933 F.2d 1261, 1269 (5th Cir. 1991)). Here, by the Government's own assertion, the evidence at issue is clearly extrinsic.

The Fifth Circuit has consistently approved the use of extrinsic evidence regarding prior drug crimes in order to prove intent, knowledge, state of mind, plan, and absence of mistake, finding that the probative value of the evidence outweighs any unfair prejudice. *See United States v. Brookins*, 919 F.2d 281 (5th Cir. 1990) (extrinsic evidence of the defendant's prior cocaine deals admissible where the charged was cocaine distribution); *United States v. Prati*, 861 F.2d 82, 85-86 (5th Cir. 1988) (extrinsic evidence of the defendant's prior drug transactions

---

absence of mistake, or lack of accident.
(3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
(C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

admissible where the charged crime was conspiracy to possess with the intent to distribute cocaine); *United States v. Ramirez*, 145 Fed. Appx. 915, 926-927 (5th Cir. 2005) (extrinsic evidence of the defendant's prior convictions for possession of marijuana and for felonious possession of dangerous drugs was admissible to prove the defendant's knowledge and intent in a current charge of possession with intent to distribute and conspiracy to possess with intent to distribute).

In a similar case, *United States v. Jones*, the Fifth Circuit held that a defendant's seven-year-old prior conviction was admissible and not too remote in time to be probative. 930 F.3d 366 (5th Cir. 2019). There, the court noted that although defendant's conviction was seven years old, he was arrested again only two years after being released from prison while still on supervised release for the prior conviction. *Id.*

In reliance on Fifth Circuit precedent, the Court finds that the aforementioned evidence is admissible extrinsic evidence under Rule 404(b) to show "intent, preparation, plan, knowledge, and absence of mistake." Fed. R. Evid. 404(b). The Court further finds that it is not "unfairly prejudicial" so as to require exclusion under Rule 403. Defendant has set the stage for another individual to take the fall for him by placing the drugs in a location he shared with others in the home, just as he did with Morgan. Similar to *Jones*, Defendant was convicted of the instant drug offenses while on supervised release for his previous drug offenses.

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the following evidence is deemed **ADMISSIBLE**:

1. Lockett's prior conviction of the following offenses:

   a. Conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1);

   b. Possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1);

   c. Possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and

   d. Unlawful use of communication facilities in violation of 21 U.S.C. § 843(b).

2. The facts and circumstances involved in Defendant's previous drug trafficking activities, specifically those involving his prior Co-Defendant, Caprice Morgan. (Doc. 57, p. 3).

Baton Rouge, Louisiana, this 13th day of June, 2022

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA